**Original filed 2/27/07**

1

2

3

4

5

6

7

8                                   NOT FOR CITATION

9                    IN THE UNITED STATES DISTRICT COURT

10                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12    ROBERT W. MCGRUDER,              )     No. C 06-6525 JF (PR)
                                       )
13                   Petitioner,       )     ORDER TO SHOW CAUSE
                                       )
14       vs.                           )
                                       )
15                                     )
      ARNOLD SCHWARZENEGGER,           )
16    et al.,                          )
                                       )
17                   Respondents.      )
      _____)

18

19          Petitioner, a state prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas

20    corpus pursuant to 28 U.S.C. § 2254 challenging the Governor's decision to reverse the

21    Board of Prison Terms' ("Board's") finding that he was suitable for parole.  Petitioner has

22    paid the filing fee.  The Court orders Respondent to show cause as to why the petition

23    should not be granted.

24                                      **STATEMENT**

25          In 1986, Petitioner was sentenced to fifteen years-to-life in state prison after his

26    second degree murder conviction in Los Angeles Superior Court.  Petitioner challenges

27    the Governor's 2004 decision reversing the Board's finding that he was suitable for

28    parole at his December 2003 parole suitability hearing.

1  Petitioner filed three state habeas petitions in the state superior court, state appellate court

2  and state supreme court, all of which were denied as of September 13, 2006.  Petitioner

3  filed the instant federal habeas petition on October 18, 2006.

4  **DISCUSSION**

5  A.    Standard of Review

6  This Court may entertain a petition for writ of habeas corpus "in behalf of a person

7  in custody pursuant to the judgment of a state court only on the ground that he is in

8  custody in violation of the Constitution or laws or treaties of the United States."  28

9  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

10  A district court shall "award the writ or issue an order directing the respondent to

11  show cause why the writ should not be granted, unless it appears from the application that

12  the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

13  B.    Petitioner's Claim

14  As grounds for federal habeas relief, Petitioner alleges that his right to due process,

15  guaranteed by the Fifth and Fourteenth Amendments, was violated by the Governor's

16  decision to reverse the Board's grant of parole, which was not supported by the evidence

17  and in violation of his plea agreement.  Liberally construed, Petitioner's allegation is

18  sufficient to require a response.

19  **CONCLUSION**

20  1.    The Clerk shall serve by mail a copy of this order and the petition

21  and all attachments thereto upon the Respondent and the Respondent's attorney, the

22  Attorney General of the State of California.  The Clerk shall also serve a copy of this

23  order on the Petitioner.

24  2.    Respondent shall file with the Court and serve on Petitioner, within **sixty**

25  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the

26  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

27  not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of

28  all portions of the state parole record that have been transcribed previously and that are

1    relevant to a determination of the issues presented by the petition.

2         If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

3    with the Court and serving it on Respondent within **thirty days** of his receipt of the

4    answer.

5         3.    Respondent may file a motion to dismiss on procedural grounds in lieu of

6    an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

7    Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file

8    with the Court and serve on Respondent an opposition or statement of non-opposition

9    within **thirty days** of receipt of the motion, and Respondent shall file with the court and

10   serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

11        4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded

12   that all communications with the Court must be served on respondent by mailing a true

13   copy of the document to Respondent's counsel.  Petitioner must keep the Court and all

14   parties informed of any change of address by filing a separate paper captioned "Notice of

15   Change of Address."  He must comply with the Court's orders in a timely fashion.

16   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

17   to Federal Rule of Civil Procedure 41(b).

18        IT IS SO ORDERED.

19   DATED: __2/23/07_____

20                                    JEREMY FOGEL
                                      United States District Judge

21

22

23

24

25

26

27

28

1    A copy of this ruling was mailed to the following:

2

3    Robert W. McGruder
     D-32218
     Correctional Training Facility - East Dorm (ED-93L)
4    P.O. Box 689
     Soledad, CA  93960-0689

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
P:\pro-se\sj.jf\hc.06\McGruder525osc                    4